NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE HESS, individually and on behalf of all other similarly situated; | |
| Plaintiffs, | |
| v. | Civil Action No. 3:18-cv-12902-BRM-TJB |
| MERCHANTS & MEDICAL CREDIT CORPORATION, INC., and JOHN DOES 1-25, | |
| Defendants. | OPINION |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is a Motion for Judgment on the Pleadings filed by Defendant Merchant & Medical Credit Corporation, Inc. ("MMCC" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 9.) Plaintiff Stephanie Hess ("Hess" or "Plaintiff") filed an Opposition to MMCC's Motion for Judgment on the Pleadings (ECF No. 12) and MMCC filed a Reply Brief to Hess's Opposition to its Motion for Judgment on the Pleadings. (ECF No. 13). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, MMCC's Motion for Judgment on the Pleadings is **GRANTED**.

I. **BACKGROUND**

A. **Factual Background**

For the purposes of this Motion for Judgment on the Pleadings, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to the

plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion." *Newton v. Greenwich Twp.*, No. 12-238, 2012 WL 3715947, at *2 (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

This is a Fair Debt Collection Practices Action ("FDCPA") arising out of an initial collection notice (the "Collection Letter") sent by MMCC, which Hess alleges provided "contradictory information" regarding the proper method to exercise her statutory debt validation rights. (Compl. (ECF No. 1) ¶¶ 6, 36.) Hess is a resident of New Jersey and MMCC is a Michigan corporation with its headquarters in Flint, Michigan. (*Id.* ¶¶ 8-9.)

Hess brings this claim, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the following class:

> (a) all individuals with addresses in the State of New Jersey; (b) to whom Defendant [MMCC] sent an initial collection letter attempting to collect a consumer debt; (c) and deceptively lists the consumers rights as provided for under §1692g . . . (d) which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

(*Id.* ¶¶ 12, 13.)

The class members' identities can be ascertained from MMCC's records, as well as records from the "companies and entities on whose behalf they attempt to collect and/or have purchased debts." (*Id.* ¶ 14.) The class does not include MMCC or any "officers, members, partners,

managers, directors and employees of [MMCC] and their respective immediate families." (*Id.* ¶ 15.) Additionally, the class excludes the "legal counsel for all parties to this action and members of their immediate families." (*Id.*)

Sometime prior to May 1, 2018, Hess incurred an obligation to Capital One, N.A. ("Capital One"). (*Id.* ¶ 22.) This obligation arose out of transactions to purchase various items, specifically on a Kohl's store card. (*Id.* ¶ 23.) Eventually, either Capital One or a subsequent owner of the Capital One debt contracted MMCC to collect the alleged debt. (*Id.* ¶ 26.)[1]

On or about May 1, 2018, MMCC sent Hess the Collection Letter regarding the alleged debt owed to Capital One. (*Id.* ¶ 28.)[2] The first paragraph of the Collection Letter stated, "This account has been placed with our office for collection and calls for payment in full. Please Contact us so we may assist you in this matter." (*Id.* at 13.) The second paragraph of the Collection Letter contained the following language:

> Unless you notify **this office** within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, **this office** will assume the debt is valid. If the consumer notifies **the debt collector or collection agency** in writing within the 30-day period that the debt, or any portion thereof is disputed, **the debt collector or collection agency** will obtain verification of the debt or a copy of the judgment against the consumer by **the debt collector or collection agency**. If you request **this office** in writing within 30 days after receiving this notice, **this office** will provide you with the name and address of the original creditor, if different from the current creditor.

(*Id.*) (emphasis added).

---

[1] MMCC is in the business of collecting debts incurred or alleged to have been incurred on behalf of creditors using the United States Postal Service, telephone, and internet. (*Id.* ¶ 27.)

[2] The Collection Letter contained a local phone number for MMCC, as well as a number for persons located outside Michigan, which is toll-free. These numbers were included in two locations on the letter: (1) in the top right corner of the document under MMCC's address; and (2) on the detachable lower portion of the document above MMCC's address. No other phone number was listed. (*Id.* at 13.)

3

The final paragraph of the Collection Letter stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMTION OBTAINED WILL BE USED FOR THAT PURPORSE. THIS COMMUNICTION IS FROM A DEBT COLLECTOR." (*Id.*)

Hess alleges that the second paragraph, known as the validation provision, advised her that disputes regarding the alleged debt should be submitted to multiple entities, which overshadowed the language required by § 1692g of the FDCPA. (*Id.* ¶ 35.) This led to confusion regarding her debt validation rights, as she was unsure if a dispute should have been submitted to "the debt collector," the "collection agency," "we," or "this office." (*Id.* ¶ 36.) As a result, Hess claims that she was damaged, as the language of this portion of the Collection Letter was inaccurate, misleading, and false. (ECF No. 1 ¶ 43.)

Hess filed this complaint (the "Complaint") asserting violations of both § 1692e and § 1692g of the FDCPA. (*Id.* ¶¶ 43, 48.) Specifically, Hess alleges a § 1692e violation as "the [Collection Letter was] open to more than one reasonable interpretation, at least one of which is inaccurate." (*Id.* ¶ 43.) Additionally, Hess contends the Collection Letter made "false and misleading representation[s] in violation of § 1692e(10)." (*Id.* ¶ 41.) Furthermore, Hess alleges the Collection Letter violated § 1692g of the FDCPA as it overshadowed the required validation notice by providing contradictory information regarding the "proper method and location for disputing the debt." (*Id.* ¶ 48.) Hess seeks actual damages, statutory damages, costs, and attorneys' fees. (*Id.* ¶ 49.)

### B. Procedural History

On August 17, 2018, Hess filed the Complaint against MMCC asserting causes of action for violations 15 U.S.C. § 1692e (Count One) and 15 U.S.C. § 1692g (Count Two). (ECF No. 1.) On September 26, 2018, MMCC filed an Answer (the "Answer") to the Complaint denying Hess's

allegations. (ECF No. 5.) On December 21, 2018, MMCC filed a Motion for Judgment on the Pleadings for failure to state a claim pursuant to Fed. R. Civ. P. 12(c). (ECF No. 9.) On January 23, 2019, Hess filed an Opposition to MMCC's Motion for Judgment on the Pleadings asserting that the Complaint stated a claim upon which relief may be granted. (ECF No. 12. at 5.) On February 4, 2019, MMCC filed a Reply Brief in further support of their Motion for Judgment on the Pleadings. (ECF No. 13.)

## II. LEGAL STANDARD

### A. Rule 12(c) Standard

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See Rosenau*, 539 F.3d at 221.

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Prof'l Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)); *see also Muhammad v. Sarkos*, 2014 WL 4418059 (D.N.J. Sept. 8, 2014) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has

failed to state a claim.") (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991); *Gebhart v. Steffen*, 574 F. App'x 156, 157 (3d Cir. 2014)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

While, as a general rule, a court many not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to 12(b)(6), the Third Circuit has held "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant under Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1426.

## III. DECISION

MMCC argues that Hess's Complaint fails as a matter of law because it does not plausibly allege that the company's Collection Letter was: "(1) inaccurate, false, or misleading in violation of [§] 1692e or (2) contradictory regarding the proper method and location to dispute the debt in violation of [§] 1692g." (ECF No. 10 at 4) (citations omitted). Hess contends MMCC's Motion for Judgment on the Pleadings should be denied because the Collection Letter "misleadingly identif[ied] four separate entities for whom [she] should contact [in order] to dispute the debt in question." (ECF No. 12 at 14-15.) As such, Hess claims this constituted a "failure to effectively" convey her rights in violation of § 1692g, as well as misled Hess in violation of §1692e. (*Id.* at 15.)

7

Congress enacted the FDCPA in 1977 as a result of the abundance of evidence regarding "the use of abusive, deceptive, and unfair debt collection practices" and the inadequacy of existing laws and procedures designed to protect consumers. 15 U.S.C. § 1692(a), (b). At the time, Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors" and to promote further action to protect consumers against debt collection abuses. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)).

"Because the FDCPA is a remedial statute, we construe its language broadly so as to effect its purpose." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)). Accordingly, communications from lenders to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown*, 464 F.3d at 454. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Id.* at 453 (citation omitted).

The "least sophisticated debtor" standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000) (citation omitted). "Even the least sophisticated debtor is bound to read collection notices in their entirety." C*ampuzano–Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008); *see also*, *Gross v. Lyons, Dought & Velduis, P.C.*, 2018 WL 6318374

8

at *3 (D.N.J. Dec. 3, 2018) ("[T]his Court must look to the entire language of the communication viewed as a whole, and not its component parts.")

To succeed on an FDCPA claim, a plaintiff must establish: "(1) [he or] she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *see also Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). Only the fourth element of an FDCPA claim is in dispute herein. (ECF No. 1 ¶¶ 43, 48.)

### A. Hess's § 1692g Claim

Count Two of the Complaint alleges a violation of § 1692g of the FDCPA and seeks damages stemming therefrom, including costs and attorney's fees. (*Id.* ¶ 48.)[3] Section 1692g of the FDCPA provides debt validation provisions which Congress adopted to "guarantee that consumers would receive 'adequate' notice of their rights." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013) (citing *Wilson*, 225 F.3d at 354). Specifically, § 1692g(a) requires that initial debt collection letters must include the following information:

> (1) the amount of debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

---

[3] The Court begins its analysis with Count Two. The Third Circuit has found that when a § 1692g claim is based on the same theory or language as a § 1692e(10) claim, the analysis for the former claim is dispositive. *See Caprio*, 709 F.3d at 155 (citing *Caprio v. Healthcare Revenue Recovery Grp., LLC*, No. 2:11-cv-2877, 2012 WL 847486, at *5). Therefore, the Court will address the § 1692g claim first.

9

and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Wilson*, 225 F.3d at 353 (3d Cir. 2000) (citing 15 U.S.C § 1692g(a)).

The final three requirements of § 1692g(a) "contain the validation notice," which are statements that "inform the consumer how to obtain verification of the debt" in which they have "thirty days . . . to do so." *Id.* at 354. Yet, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter – the required notice must also be conveyed effectively to the debtor." *Id.* The notice must be "sufficiently prominent to be noticed," as well as "not overshadowed or contradicted by accompanying messages from the debt collector." *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

Furthermore, § 1692g(b) was amended in 2006 and "now expressly provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent" with the required disclosure. *Caprio*, 709 F.3d F.at 149. Through this amendment, Congress codified the "'overshadowed or contradicted' rule," which had been adopted by the courts themselves. *Id.; see also Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012).

To determine if a validation notice is "overshadowed or contradicted," the Court must apply the "least sophisticated debtor" standard. *Brown*, 464 F.3d at 454; *Caprio*, 709 F.3d at 149.[4] In applying the standard, "[t]he Court of Appeals for the Second Circuit elaborated that a collection letter 'is deceptive when it can be *reasonably* read to have two or more different meanings, one of

---

[4] For example, the Second Circuit held "that a validation notice 'is overshadowing or contradictory if it would make the least sophisticated consumer *uncertain as to her rights*.'" *Caprio*, 709 F.3d at 149 (citing *Wilson*, 225 F.3d at 354) (emphasis added).

which is inaccurate.'" *Id.* (citing *Russell v. Equifax A.R.S*, 74 F.3d 30, 35 (2d Cir. 1996) (emphasis added)). The Third Circuit has employed similar reasoning in *Graziano*, finding that "the juxtaposition of two inconsistent statements . . . rendered the statutory notice invalid under section 1692g." *Graziano*, 950 F.2d at 111 (holding that "there [was] a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action . . . would be induced to overlook his statutory right to dispute the debt within thirty days") (citing *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225-26 (9th Cir. 1998)).

Other circuits have found that while the "least sophisticated debtor" is assumed to be "uninformed, naïve, or trusting," statements are not deemed to be "confusing or misleading unless a significant fraction of the population would be similarly misled." *Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004) (citing *Veach v. Sheeks*, 316 F.3d 690, 692-93 (7th Cir. 2003)). For example, in *Chuway*, the Seventh Circuit Court of Appeals explained that while some decisions "say that the letter has to be clear to the *least* sophisticated consumer. They don't mean this literally, because, 'literally, the least sophisticated consumer is not merely below average, he is the very last rung on the sophistication ladder.'" *Id.* at 948-49 (citing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994)). Instead, "courts have consistently applied the least-sophisticated-consumer standard in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Id.* at 949 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

Additionally, courts have interpreted the FDCPA to require that debt collection letters include "some language that makes [it] clear [that] it is only the debt collector that may assume validity and only for collection purposes." *Fariasantos v. Rosenberg & Assocs., LLC*, 2 F. Supp. 3d 813, 822 (E.D. Va. 2014) (citing *Harlan v. NRA Grp., LLC*, No. 10-cv-0324, 2011 WL 500024,

at *3 (E.D. Pa. Feb 9, 2011)). Although debt collectors are not required to "use the verbiage 'by the debt collector' in their letters," the language must clearly demonstrate which entity will assume the debt. *Harlan*, 2011 WL 500024, at *3. Further, courts have found that "the absence of the term 'by the debt collector,' or its equivalent here, is a sufficient allegation to survive the standard for a motion to dismiss." *Phillip v. Sardo & Batista, P.C*, No. 11-4773, 2011 WL 5513201, at *5 (D.N.J. Nov. 10, 2011) (citing *Galuska v. Collectors Training Inst. Of Ill., Inc.*, No. 3:07-CV-2044, 2008 WL 2050809, at *6 (M.D. Pa. May 13, 2008)); *see also Smith v. Hecker*, No. 04-5820, 2005 WL 894812, at *3 (E.D. Pa. Apr. 18, 2005) (finding that the "omission of the statutory phrase 'by the debt collector' render[ed] the letter an ineffective validation notice").

Here, Hess argues that the Collection Letter failed to meet the requirements of § 1692g, as it: (1) failed to demonstrate that "a consumer can only dispute the debt with the debt collector"; and (2) overshadowed the validation provision by providing false, misleading, and contradictory information regarding the proper method and location for disputing the debt. (ECF No. 12 at 6; ECF No. 1 ¶ 48). The Court will address both points in order.

First, Hess attempts to analogize MMCC's current argument to that of the defendant in *Fariasantos*. (ECF No. 12 at 12.) While *Fariasantos* involved a dispute regarding similar terminology, the collection letter in that case merely stated that the "debt would be assumed valid" and completely neglected to include the phrase "by the debt collector" or similar language. *Fariasantos*, 2 F. Supp. 3d at 822-23. Unlike here, the *Fariasantos* defendant neglected to adequately inform the debtor which entity would assume the debt, and that such entity was in fact a debt collector. *Id.*

In contrast, the Collection Letter adequately informed Hess that MMCC was the debt collector that would be collecting the debt. For example, the Collection Letter stated that unless

Hess disputed the debt with "*this office*" within 30 days," it would be assumed valid by "*this office*" (ECF No. 1 at 13.) (emphasis added). Although this statement, when viewed by itself, does not clarify to which entity the term "this office" refers, the case law makes clear that the "least sophisticated debtor" standard requires this Court to consider the entire letter, not merely isolated terms. *Gross*, 2018 WL 6318374, at *3.

When viewing the Collection Letter as a whole, the Court finds that with "a basic level of understanding and [a] willingness to read with care," even the "least sophisticated debtor" would have understood that "this office" was referring to MMCC, and further that MMCC was a debt collector. *Wilson*, 225 F.3d at 354-55. For instance, the Collection Letter was written on MMCC's letterhead, and stated that the "COMMUNICATION [WAS] FROM A DEBT COLLECTOR." (ECF No. 1 at 13.) Thus, even the "least sophisticated debtor" would have been able to deduce that MMCC authored the Collection Letter and therefore was a debt collector.[5] Indeed, to conclude otherwise would require the Court to determine that the term refers to an office owned by an entity not specifically mentioned anywhere in the letter. Such a conclusion is unreasonable, and neglects case precedent which stipulates that the "least sophisticated debtor" has a basic level of understanding. *See Wilson*, 225 F.3d at 354–55.

Second, Hess argues the second paragraph of the Collection Letter provides misleading and deceptive information concerning the proper method and location for disputing the debt. (ECF No. 1 ¶¶ 32-35.) In applying the "least sophisticated debtor" standard and viewing the Collection Letter as a whole, the Collection Letter is not so misleading as to violate § 1692g. For example, knowing that MMCC was a debt collector, the "least sophisticated debtor" would have been able

---

[5] *See Clomon*, 988 F.2d at 1317-20 (holding that that a letterhead, which contained the language "ATTORNEY AT LAW" was "sufficient to give the least sophisticated consumer the impression that" the letter was a communication from an attorney).

to conclude that the term "the debt collector" is referring to MMCC. While Hess argues that the term is misleading and advised Hess to contact multiple entities in order to dispute the debt, the Court cannot agree that such an interpretation is reasonable. *See Wilson*, 225 F.3d at 354–55. For instance, the Collection Letter only contains contact information for MMCC and does not suggest the existence of an additional debt collector. (ECF No.1 at 13.) Therefore, even the "least sophisticated debtor" would have understood that a letter that only provides contact information for a single entity is not advising the consumer to contact multiple entities.

Furthermore, unlike in *Graziano*, the Collection Letter lacks any statement that contradicts the rights provided by § 1692g. *See Graziano*, 950 F.2d at 111. In contrast, this case deals solely with a dispute over terminology. The Court finds that the "least sophisticated debtor" would have understood that the various terms found in the second paragraph of the Collection Letter referred to a single entity. Furthermore, the Court finds that Hess has failed to present factual allegations sufficient to "raise a right of relief above the speculative level," and has not plausibly alleged that MMCC's Collection Letter violated of § 1692g. *Twombly*, 550 U.S. at 555. Accordingly, MMCC's Motion for Judgment on the Pleadings is **GRANTED** as to Count Two and Count Two is **DISMISSED WITHOUT PREJUDICE**.

### B. Hess's § 1692e Claim

Count One of the Complaint alleges a violation of § 1692e of the FDCPA. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C.S § 1692e. Section 1692e(10) "specifically prohibits '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Caprio*, 709 F.3d at 155-56 (citing 15 U.S.C.S § 1692e(1)). Yet, the Court has found that "[w]hen allegations under 15

U.S.C. § 1692e(10) are based on the same language or theories as allegations under § 15 U.S.C § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155 (citing *Caprio*, 2012 WL 847486, at *5).

Here, Hess's § 1692e claim is based on the same language as her 1692g claim. Hess claims that the Collection Letter was open to more than one reasonable interpretation, due to the simultaneous use of "this office" and "the debt collector or collection office" in the validation provision. (ECF No. 1 ¶ 36.) Specifically, Hess argues that she reasonably interpreted the Collection Letter to require her to contact multiple entities in order to dispute the debt in question. (ECF No.12 at 5.) As such, Hess alleges that the language used by MMCC in the Collection Letter was "false, deceptive, or misleading." (*Id.* at 6.)

As with Hess's § 1962g claim, when analyzing the Collection Letter as a whole and applying the "least sophisticated debtor" standard, the language contained in the Collection Letter was not deceptive or misleading. *See Gross*, 2018 WL 6318374, at *3. While the Collection Letter refers to MMCC using different terminology, such inconsistencies are insufficient to support Hess's claims. The Collection Letter describes MMCC as the debt collector multiple times, and contains only MMCC's contact information. (ECF No. 1 at 13.) Without any additional contact information, nor a suggestion that there was an additional debt collector involved, even the "least sophisticated debtor" would have likely concluded that there was only one entity to contact in order to dispute the debt, MMCC.

Additionally, although Hess makes a general claim regarding § 1692e, the crux of her allegation relates to § 1692e(10). Therefore, due to precedent within this Circuit regarding similar allegations under §§ 1692e(10) and 1692g, the aforementioned dismissal of Hess's § 1692g claim is dispositive. *See Caprio*, 709 F.3d at 155. Accordingly, MMCC's Motion for Judgment on the

Pleadings is **GRANTED** as to Count One and Count One is **DISMISSED WITHOUT PREJUDICE**.

IV. **CONCLUSION**

For the reasons set forth above, MMCC's Motion for Judgment on the Pleadings is **GRANTED** and Counts One and Two are **DISMISSED WITHOUT PREJEUDICE**.

Date: July 31, 2019                     */s/ Brian R. Martinotti*_____
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**